## Case No. 9,676.

### MITTLEBURGER v. STANTON.

[3 West. Law Month. 246.]

Circuit Court, N. D. Ohio. 1860.

INJUNCTION — PRELIMINARY — ANSWER FILED DENYING EQUITY OF BILL—ENGLISH RULE—EXCEPTIONS.

1. A preliminary injunction, staying proceedings in an action at law, or staying the collection by execution, of a judgment recovered at law, will be dissolved, upon the coming in of an answer denying the whole facts alleged as constituting the equity of the bill.

2. Such is the English rule, and it seems to extend to all cases. But it seems that in this country an exception may be allowed, where the dissolution of the injunction may subject the party obtaining it to irreparable damages, or in certain cases where the party enjoined has not the requisite responsibility to meet the damages that may be occasioned by his being allowed to proceed.

[This was a bill in equity by William Mittleburger against Erastus H. Stanton.]

Hovey & Prentiss, for complainant.
Adams & Canfield, for defendant.

WILLSON, District Judge. This is a motion to dissolve a preliminary injunction, heretofore granted to stay proceedings at law. The bill sets forth, among other things, that, on the 1st day of July, 1857, the complainant purchased of the defendant one-eighth of a co-partnership interest in the Hammondsville Mining Company, for a consideration of thirty-five hundred dollars; that he paid, at the time of purchase, fifteen hundred dollars in cash, and executed and delivered his two several promissory notes for the residue, each bearing date June 1, 1857; one for $1,106.98, payable in four months, and the other, payable in ten months, for $1,058.98. That the first of said notes was sued and a judgment obtained upon it on the law side of this court; that a suit has also been commenced by the defendant, in the same court, for the recovery of the amount appearing to be due upon the other of said notes, which suit is now pending. It is averred in the bill, that complainant was induced to make this purchase by the false and fraudulent representations of the defendant, and that he was thereby deceived and became greatly defrauded in various particulars, which are specifically set forth in the bill.

The complainant seeks, by this proceeding, to have the contract of the purchase set aside and annulled by reason of the alleged fraud; to obtain a decree for the restoration of the

$1,500, paid as aforesaid; and to have the judgment upon the first note declared inoperative, and the second note cancelled and delivered up to him. The defendant has filed his answer, duly verified by his oath, denying all the equities of the bill; and also denying the specific allegations of fraud which it contains. He now comes and files this motion for a dissolution of the preliminary injunction. It is rule of practice well settled by the court of chancery in England, that when a preliminary injunction has been granted to stay proceedings at law, and an answer is filed denying all the equities of the bill, the injunction will ordinarily be dissolved, on the motion of the defendant, as a matter of course. Nor is there any distinction between the injunction staying the execution and staying trial. In the former case, the chancellor requires a full discovery before he will decide that the proceedings shall not be further staid; in the latter, a full answer is equally necessary; and there is no distinction as to the rules for ascertaining whether the answer is or is not complete. Those rules, securing a full discovery, are just as applicable to the one case as to the other, and are universal in their application. In Earnshaw v. Thornhill, 18 Ves. 485, Lord Eldon said, that "among the numerous cases that had occurred of injunctions extended to stay trials, he did not recollect, either in the books or in practice, a single instance of an application to dissolve an injunction, so far as it restrains the trial, separating that from an application to dissolve it generally." And so in this case, if the injunction is dissolved at all, the order must extend, as well to the case where the respondent has obtained judgment, as to the suit now pending, in which no trial has been had.

In the absence of specific rules prescribed by the supreme court of the United States, or by the circuit court itself, this court, in all matters of practice, is governed by the established usages of the English court of chancery. It is well settled, in England, that if a plea to the whole bill be allowed, the claimant may move for a dissolution of the injunction; because a plea, allowed, is to be considered as having the effect of a full answer. The defendant is not compelled to wait until he has proved his plea; he is entitled to a dissolution of the injunction as soon as the chancellor has decided that the plea, if true, is a good defence to the action. Hence, the English courts, by parity of reasoning, have held, that if the respondent sets up his defence by answer instead of by plea, he is equally entitled to a dissolution of the injunction, upon the court being satisfied that the matter set up in the answer, if true, would constitute a good defence. In all the English authorities, there can be found only a single case that contravenes this doctrine. That is the case of Allen v. Crobcroft, in Barnad. Ch. 373. That book, says the reporter, in the case of Zouch v. Woolston, 2 Burrows, 1142, Lord Mansfield absolutely for-

bids citing, for the reason that it would mislead those who were put upon reading it.

In Poor v. Carleton [Case No. 11,272], Mr. Justice Story admits, that in cases of special injunctions, if the whole merits are satisfactorily denied by the answer, the injunction is ordinarily dissolved. But he says there are exceptions to the doctrine; and that these exceptions are fairly resolvable into the principle of irreparable mischief; such as cases of asserted waste, or of asserted mismanagement of partnership concerns, of asserted violations of copy-rights, or patent rights. But he concedes that the doctrine obtains in England as laid down by the lord chancellor in Clapham v. White, 8 Ves. 36, where it is said, that if the answer denies all the circumstances upon which the equity is founded, the universal practice, (as to the purpose of dissolving the injunction,) is, to give full credit to the answer; and that is carried so far, that, with few exceptions, though five hundred affidavits were filed, not only by the complainant but by many witnesses, not one could be read as to this purpose. No irreparable mischief can result from dissolving the injunction in this case. The bill contains no averment of the insolvency of the defendant, nor is it apparent that the plaintiff will be remediless in case the prayer of his bill is granted on the final hearing.

It is, therefore ordered that the preliminary injunction heretofore granted in this case be dissolved.

NOTE. The principle of this case seems equally applicable to a preliminary injunction order, granted under the Code of Civil Procedure.